## RICHARD SHELTON *et al. versus* THOMAS G. ATKINS.

On the death of the assignee of a mortgage of real estate who had been receiving rent from the tenant in possession, the administrator of such assignee demanded of such tenant to attorn or surrender the premises, which he refused to do, denying the right of the administrator; whereupon the administrator brought an action against him on the mortgage, (without notice to the heirs or representatives of the mortgager, who was deceased,) recovered the conditional judgment for possession, and upon the non-payment of the sum due on the judgment, entered upon the premises under an *habere facias,* and continued in possession three years. It was *held,* that the mortgage was foreclosed

THIS was a bill in equity, brought by the plaintiffs as heirs at law of Richard Shelton, to redeem certain real estate in Boston. For the purpose of the hearing, it was conceded that the plaintiffs were the proper parties to bring the suit. The bill was filed in 1837.

It was agreed, that on the 1st of June, 1822, Mrs. Susannah Daker, being seised in fee, conveyed the estate to George Sullivan, by deed of mortgage, conditioned for the payment of $ 1503·73, in eighteen months, with interest semiannually ; and that on the 2d of July, 1822, Sullivan assigned the mortgage to Mrs. Hannah Proctor.

On the 16th of November, 1822, Mrs. Daker died. No administrator was appointed on her estate.

One Albertson testified, that he hired the house of Mrs. Daker and paid her the rent until her death, and that he continued there a few months after her decease and paid the rent to Sullivan ; that he never knew of any formal taking possession of the premises by Sullivan ; that he was confident he had nothing to do with Sullivan until after December, 1822 ; and that when the witness left the house George Low took possession.

William Minot stated, that about the 28th of August, 1826,

he received of Mrs. Proctor the bond and mortgage, to be collected ; that soon after, he learned of Sullivan that he was in the reception of the rents and profits, and by his consent ne called on Low, the tenant, and required him to pay the rents to him (Minot) which he did, and he (Minot) collected the rents, made repairs and paid the taxes on the estate and insurance, from October, 1826, to the latter part of 1832, when Mrs. Proctor died.

Afterwards, on the 10th of January, 1833, the defendant, as administrator of the estate of Mrs. Proctor, having the bond and mortgage, required Low, who was then in possession of the premises, to pay him rent, but Low declined to do so or to consider the defendant the owner or entitled to the rents, until judgment should be obtained, and therefore the defendant brought an action of ejectment against Low, on the mortgage, but made no service on any other person, and prosecuted the suit to judgment ; and the sum of $ 2103·10 was ordered to be paid in sixty days, by consent of parties, before *habere facias* should issue ; and in default of payment the defendant to this bill entered into possession of the premises on the 20th of June, 1833, and continued such possession, by receiving the rents and profits accruing therefrom, to the present time. The defendant was desirous of making sufficient service of his writ, but on inquiry he found that no administration had been granted on the estate of Mrs. Daker, and he had no knowledge of any person claiming to be her heir at law.

*March 27th.*    *Sparhawk,* for the plaintiffs, contended that the entry by the assignee of the mortgage was not made for breach of condition ; that the action on the mortgage was brought by the defendant against his own tenant, and the judgment, and the entry under it, were ineffectual, for want of notice to the parties interested in the equity of redemption. *Erskine* v. *Townsend,* 2 Mass. R. 493 ; *Thayer* v. *Smith,* 17 Mass. R. 429 ; *Hadley* v. *Houghton,* 7 Pick. 29 ; *Newall* v. *Wright,* 3 Mass. R. 155 ; Revised Stat. c. 107, § 10.

*Choate* and *Cooke,* for the defendant, cited *Keith* v. *Swan,* 11 Mass. R. 216 ; *Hunt* v. *Hunt,* 17 Pick. 120 ; *Kittredge* v. *Bellows,* 4 New Hamp. R. 424.

*April 1st.*    SHAW C. J. delivered the opinion of the Court.    This

is a bill to redeem mortgaged premises, brought by the plaintiffs as heirs at law of Richard Shelton, and through him as heirs at law of Susannah Daker, mother of Richard Shelton. We have not stopped to inquire whether these are the proper parties, as heirs, to bring the bill to redeem, or whether there should have been an administration on the estate of Susannah Daker or of Richard Shelton. The parties have not brought those questions before us, and as the Court are of opinion, that the mortgage is foreclosed, and no one has a right to redeem, those questions are immaterial.

It appears that the mortgage was given on the 1st of June, 1822, by Susannah Daker to George Sullivan, to secure a sum therein expressed, with interest semiannually. Before the expiration of six months, and before any interest became due, Mrs. Daker died. On the 2d of July, 1822, Mr. Sullivan assigned the mortgage to Hannah Proctor. Mr. Sullivan received the rents for several years, but it does not appear by what title, as he had assigned his mortgage before any interest was due, and it does not appear that he received them in behalf of Mrs. Proctor, the assignee. In about 1826, Mrs. Proctor placed the bond and mortgage in the hands of Mr. Minot as her attorney, and he demanded and received the rents for several years. Whether this could be deemed in law an entry to foreclose, and by continuance more than three years, an actual foreclosure, it is not necessary to determine.

It appears that in 1832, Mrs. Proctor died, and the defendant Atkins was appointed her administrator. As such administrator, he had authority to bring his action and recover the mortgaged premises. *St.* 1788, *c.* 51, § 1. In 1833, as such administrator, he brought his action on the mortgage against one George Low, who was then tenant in possession, recovered the conditional judgment, and the amount not being paid in two months, he took out his writ of *habere facias*, and entered under it in June, 1833, and continued to hold possession more than three years. The Court are of opinion, that this constituted a complete foreclosure.

It is objected that this judgment and the proceedings under it, ought not to have this effect, because Low had formerly been the tenant of Mrs. Proctor, and at all events was not the

*Shelton v. Atkins.*

Shelton
*v.*
Atkins.

tenant of the plaintiffs, and that a judgment against him ought not to bind them.

In the first place, it is very clear, that at the time of this proceeding, Low was not the tenant of Atkins. The latter demanded of him to attorn or surrender the possession, which he refused and denied the right of the administrator. His holding therefore became adverse from that time, whatever it had been before. He was a stranger, he might be treated as a disseisor, and, as such, a tenant of the freehold, for the purpose of the writ.

But to make such a judgment good against particular persons, in favor of a mortgagee, it is not necessary, that they should be summoned, or that the defendant in the suit should be their tenant or agent. It is sufficient that the suit is brought against the tenant in possession. *Keith* v. *Swan*, 11 Mass. R. 216 ; *Hunt* v. *Hunt*, 17 Pick. 118. And it appears to us entirely right that it should be so, and that mortgagees would be put to great difficulty if it were otherwise, in finding a good tenant to the *precipe* and obtaining a valid judgment to effect a foreclosure against all persons. The security of a mortgage, is a security *in rem.* The mortgagee looks to the land. If the mortgager has been left in possession, the law presumes, that he remains in possession, or some person by his permission, or in privity with him, and that person is the tenant in possession.

But further, three years are allowed by law, after condition broken, to enable all persons, who have equitable rights to redeem, to discover and assert them. The mortgage, under which they claim, is of record. By reference to it, they can ascertain what the conditions are, and if they suffer more than three years to expire, after condition broken, without taking any measures to redeem, it is at their own peril.

The Court are of opinion, that the judgment in favor of the administrator of the assignee of the mortgage, against the tenant in possession, and the entry under it, was good and sufficient to commence the legal term for foreclosure, and the continuance of that possession three years, before any tender or bill brought to redeem, was a complete foreclosure.

*Bill dismissed.*